925 F.2d 1464
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert MARTIN, Plaintiff-Appellant,
v.
Larry BOGGS, Chief, Mick Sobie, Det., Defendants-Appellees.
 Nos. 90-3595, 90-3626.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1991.
 
 Before MERRITT, Chief Judge, and RYAN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert Martin, a pro se Ohio prisoner, appeals the district court's judgment which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Martin has filed two timely notices of appeal. Additionally, he requests the appointment of counsel.
 
 
 3
 This civil rights action is the sequel to Martin v. City of Rittman and Martin v. Boggs, Nos. C86-4117A/C87-2666A, unpublished op. (N.D.Ohio July 21, 1988), aff'd, 886 F.2d 330 (6th Cir.1989) (Table), wherein Martin alleged that the named defendants conspired to bring false charges against him and to give false testimony against him because he was an indigent white male veteran. The district court characterized Martin's original action as one for malicious prosecution or abuse of process.
 
 
 4
 Martin filed the instant civil rights complaint raising an argument analogous to a habeas corpus Brady claim, that evidence favorable to the accused was concealed. See Brady v. Maryland, 373 U.S. 83 (1963). Essentially, Martin alleged that a letter signed by him existed which exonerates him of the falsification charges which led to the more serious rape charge and ultimate revocation of his parole. Martin contended that defendants had defrauded the district court in the previous two civil rights actions by concealing this letter. He sought declaratory, injunctive and monetary relief.
 
 
 5
 A magistrate recommended that defendant Sobie's Fed.R.Civ.P. 12(c) motion to dismiss be granted on the basis of collateral estoppel since Martin's present action was nothing more than a rehash of the same malicious prosecution and abuse of process claims that were previously litigated. See Moore v. Paducah, 890 F.2d 831, 832-33 n. 4 (6th Cir.1989); Lovell v. Mixon, 719 F.2d 1373, 1376 (8th Cir.1983). The magistrate further recommended that Martin's motion for summary judgment be granted, but that judgment be entered against Martin and for defendants because no genuine issue of material fact existed and the defendants were entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). Despite Martin's timely objections, the district court adopted the magistrate's report and recommendation and entered judgment accordingly.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated in the magistrate's thorough report and recommendation dated May 30, 1990, as adopted by the district court. We do not review Martin's remaining claims on appeal as they were not raised in the district court. See Pinney Dock & Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 7
 Accordingly, the request for counsel is denied and the district court's judgment in appeal Nos. 90-3595 and 90-3626 is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.